UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:25-03140 FMO (ADS)                         Date:  January 16, 2026

Title:  *Wilson Domingo Guzman Perez v. Warden, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|  Kristee Hopkins  |  None Reported  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Petitioner(s):          Attorney(s) Present for Respondent(s):
None Present                                                      None Present

**Proceedings:      (IN CHAMBERS) ORDER TO SHOW CAUSE RE LACK OF PROSECUTION AND MOOTNESS**

On November 21, 2025, Petitioner Wilson Domingo Guzman Perez, through counsel, filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (the "Petition") and an Ex Parte Application for Temporary Restraining Order and Order to Show Cause (the "TRO"). (Dkt Nos. 1, 2.) The Petition seeks a writ of habeas corpus requiring Respondents to release Petitioner from immigration detention and not re-detain him without Due Process under the U.S. Constitution, the statute, and the regulations. (Dkt. No. 1 at 14.)

On November 24, 2025, Respondents were ordered to file and serve a Motion to Dismiss the Petition within thirty days or an Answer to the Petition within forty-five days. (Dkt. No. 8.) Respondents' deadline to file an Answer to the Petition was January 8, 2026. To date, no responsive pleading has been filed. In the meantime, the Court granted the TRO and issued a preliminary injunction. (Dkt. Nos. 16, 21.) Respondents were ordered to release Petitioner from immigration detention. (Dkt. No. 16 at 10.) On December 17, 2025, Respondents filed a Notice of Release, stating Petitioner was released from ICE custody. (Dkt. No. 17.)

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987); see also NASD Disp. Resol., Inc. v. Jud. Council, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal to be moot when the plaintiffs had already

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:25-03140 FMO (ADS)                              Date:  January 16, 2026

Title:  *Wilson Domingo Guzman Perez v. Warden, et al.*

been granted the relief they sought).  Courts have an obligation to consider mootness sua sponte and should deny requested relief where it is superfluous.  In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005).  The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."  Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988).

Here, Petitioner has been released from immigration detention.  The Court orders Petitioner to show cause in writing why the Petition should not be dismissed as moot by no later than January 23, 2026.  Petitioner must substantively specify what claims, if any, remain pending, the relief sought, and the factual and legal basis for each claim.  Respondents must substantively respond to the claims Petitioner contends remain by no later than January 30, 2026.  Petitioner may file a reply by no later than February 4, 2026.

**IT IS SO ORDERED.**

Initials of Clerk kh